907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TOWN CRIER, INC., d/b/a Townside Partners Realtors; Carter
V. Boehm, Plaintiffs-Appellants,
v.
John Barrington HUME, authorized representative member for
each and every member of syndicate 553 of Lloyd's
of London, Defendant-Appellee.
 No. 89-1523.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1990.
Decided June 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-323-A)
 Jeffrey Rosenfeld, Falcone & Rosenfeld, Fairfax, Va., for appellants.
 Beverly Warner Snukals, Mezzullo, McCandlish & Framme, Richmond, Va., (Argued), for appellee; David D. Hopper, Mezzullo, McCandlish & Framme, Richmond, Va., on brief.
 E.D.Va., 721 F.Supp. 99.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants Town Crier, Inc., d/b/a Townside Partners Realtors, and Carter V. Boehm were sued in the Circuit Court of the County of Arlington, Virginia, for several intentional acts, including fraud, unconscionability, and conspiracy to injure plaintiffs' business. Townside was insured by Syndicate 553 of Lloyds of London for negligent acts, errors, and omissions committed in connection with the performance of its real estate business. When Lloyds refused to defend Townside in the underlying state claim, Townside retained private counsel. Townside subsequently brought this diversity suit against John Barrington Hume, Lloyds' authorized representative, to recover defense expenses, interest, attorney's fees, and costs incurred in the state suit. The district court granted Hume's motion for summary judgment and dismissed the case, holding that under the terms of the insurance policy Lloyds had no duty to defend Townside in the underlying state action. The district court held that the Lloyds policy covered only negligent acts, that the duty to defend was controlled by the complaint in state court, and that the complaint alleged only intentional wrongdoing.
 
 
 2
 Townside again contends on appeal that Lloyds breached its duty to defend. After carefully reviewing the briefs and hearing oral argument, we affirm the judgment of the district court for the reasons stated in its opinion. Town Crier, Inc. v. Hume, CA-89-0323-A (E.D.Va. Sept. 14, 1989).
 
 
 3
 AFFIRMED.